**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DANNY S. MULLINS,**

       **Plaintiff,**

**v.**                            **CIVIL ACTION NO. 2:25-cv-26
                                     (KLEEH)**

**SOFIA LOGISTICS LLC;
PROGRESSIVE PREFERRED
INSURANCE COMPANY; AND
RAPHAEL DELVA.**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF NO. 4]

Pending before the Court is *Plaintiff's Motion to Remand to the Circuit Court of Lewis County, WV* [ECF No. 4]. For the reasons discussed herein, the Motion is **GRANTED**. This matter is hereby **REMANDED** to the Circuit Court for any further proceedings.

### I.   PROCEDURAL HISTORY

Plaintiff, Danny S. Mullins ("Plaintiff" or "Mullins"), filed a Complaint in the Circuit Court of Lewis County, West Virginia on September 16, 2025. ECF No. 1, Ex. 1. The Complaint named Sofia Logistics ("Sofia"), Progressive Preferred Insurance Company ("Progressive"), and Raphael Delva ("Delva") as Defendants to the present action. Id.

After being served with the Complaint, both Sofia and Progressive filed timely Notices of Removal. On October 16, 2025,

Sofia filed a Notice of Removal to the United States District Court for the Northern District of West Virginia. ECF No. 1. Progressive filed its own Notice of Removal to this Court on October 24, 2025.[1] ECF No. 4, Ex. 6, at 1. Delva, who was served with the State Court Complaint on October 10, 2025 [ECF No. 4, Ex. 5], filed a Notice of Consent to Removal on November 13, 2025 [ECF No. 6].

One day prior, November 12, 2025, Plaintiff filed the subject Motion to Remand. ECF No. 4. On November 17, 2025, Defendants Sofia and Delva filed a Response to Plaintiff's Motion to Remand. ECF No. 7. Sofia and Delva then filed an Amended Response to the Motion to Remand on November 20, 2025. ECF No. 9. A subsequent Reply was filed by Plaintiff Mullins on November 24, 2025. ECF No. 10. Accordingly, this Motion is fully briefed and ripe for review.

## II.  FACTUAL BACKGROUND[2]

Plaintiff Mullins resides in Upshur County, West Virginia. ECF No. 1, Ex. 1, at ¶ 1. Defendants Sofia and Progressive are incorporated in and have their principal place of business in Ohio. Id. at ¶ 2-4. Plaintiff alleges that, at all relevant times,

---

[1] Progressive filed its Notice of Removal under a separate civil action in this Court (2:25-cv-27). Plaintiff does not dispute that Progressive filed a proper, timely notice of removal for purposes of the present motion.

[2] The following facts are taken from Plaintiff's State Court Complaint [ECF No. 1. Ex. 1].

Sofia, an interstate motor carrier, was insured through a policy issued by Progressive.  Id. at ¶ 3,4.  Additionally, Defendant Delva is a resident of the State of Florida and, at the time of the subject incident, was allegedly "acting as an agent, servant, and/or employee [of] Sofia Logistics."  Id. at ¶ 7, 8.

On May 28, 2025, Plaintiff alleges he was involved in a roadway collision with Delva, while traveling on U.S. Route 33. Id. at ¶ 12, 17.  Plaintiff alleges that the roadway surface was wet due to rain, that Delva was traveling behind Plaintiff as the two approached a traffic signal, and that Delva failed to slow down and stop his truck, causing Delva to collide with the rear of Plaintiff's vehicle.  Id. at ¶ 13, 16.  This caused Plaintiff's vehicle to collide with the vehicle in front of him.  Id. at ¶ 18. As a result, Plaintiff claims he suffered "severe and permanent" injuries.  Id. at ¶ 23.

### III. LEGAL STANDARD

Federal courts "'are obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated' and that 'if federal jurisdiction is doubtful, a remand to state court is necessary.'"  Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34 (4th Cir. 2008) (citations omitted). This Court has previously stated that "[a]ll doubts about the propriety of removal should be resolved in favor of retaining state court jurisdiction."  Vitatoe v. Mylan Pharmaceuticals, Inc., 2008

WL 3540462, at *2 (N.D.W. Va. Aug. 13, 2008) (citing Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir.1999)).

Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief[.]"  When there are multiple named defendants, "all defendants who have been properly joined and served must join in or consent to removal of the action."  28 U.S.C. § 1446(b)(2)(A).

Furthermore, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."  28 U.S.C. § 1446(b)(2)(B).  The Supreme Court has interpreted these statutes to "require all defendants in a case to join in or consent to removal, creating the so-called 'rule of unanimity.'"  Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 259 (4th Cir. 2013)(citing Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 620 (2002)).

Therefore, consent by all named Defendants "must be voiced within thirty days of the defendant's receipt of the complaint." Stonewall Jackson Mem'l Hosp. v. Am. United Life Ins. Co., 963 F. Supp. 553 (N.D.W. Va. 1997) (Keeley, J.).  Each defendant must "officially and unambiguously consent to a removal petition filed by another defendant within thirty (30) days of receiving the

4

complaint." <u>Eberhart v. Graycor Indus. Constructors, Inc.</u>, No. 5:08CV26, 2008 WL 11344680 at *1 (N.D.W. Va. Apr. 10, 2008)(quoting <u>Martin Oil Co. v. Philadelphia Life Ins. Co.</u>, 827 F. Supp. 1236, 1237 (N.D.W. Va. 1993)).

## IV.  <u>DISCUSSION</u>

In Mullins' Motion to Remand, Plaintiff requests that this Court remand this action to the State Court because Defendant Delva failed to join in or consent to the removal of this action within the 30-day period following proper service.  ECF No. 5, at 4.  In response, Defendants contend that Plaintiff's suggested deadline for Delva's consent to removal is miscalculated, and Delva's consent to removal was therefore timely.  ECF No. 9.

For the reasons stated herein, this Court agrees with Plaintiff.  The Court finds Defendant Delva did not file his consent to removal within 30 days of being served the Complaint. Therefore, removal was defective and remand to the State Court is proper.  Accordingly, Plaintiff's Motion to Remand is **GRANTED.**

**A. The Motion to Remand is GRANTED because Defendant Delva did not file his consent to removal by the proper November 10, 2025, deadline, and removal was therefore procedurally defective.**

Rule 6 of the Federal Rules of Civil Procedure are instructive under 28 U.S.C. § 1446(b) to determine the proper beginning and end of the period for Defendants to join or consent to removal. See <u>Fleming v. United Teacher Assocs. Ins. Co.</u>, 250 F. Supp. 2d

658, 661 (S.D.W. Va. 2003).   Rule 6 provides that when the applicable period is stated in days:

> (A) exclude the day of the event that triggers the period;
>
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Fed. R. Civ. P. 6(a)(1).   Additionally, Rule 6(d) provides for a 3-day extension of a deadline after certain types of service such as when "service is made under Rule 5(b)(2)(C) (mail)[.]"  Fed. R. Civ. P. 6(d).

Defendants Delva and Sofia, in their joint Response, contend that the period for Delva to consent to removal began on Tuesday, October 14, 2025.   ECF No. 9 at 2.   Specifically, Defendants suggest that October 10, 2025, the day of service, October 11 and 12, 2025, a Saturday and Sunday, and October 13, 2025, Columbus Day, cannot serve as the first day of the period according to Rule 6(a) of the Federal Rules of Civil Procedure.   Id.   Thus, according to Defendants, the correct deadline for Delva to consent was November 13, 2025, making his consent timely.   However, Defendants' reading of Rule 6(a)(1)(C) is incorrect.   Although the day of service does not toll the period, Rule 6(a)(1)(C)'s exclusion of "Saturday, Sunday, or legal holiday[s]" applies only to the last

6

day of the period, not the first. Fed. R. Civ. P. 6(a). Therefore, Defendants' proposed November 13 deadline for Delva's consent is misplaced.

Alternatively, Defendants suggest that Rule 6(d) extends Delva's deadline to consent to removal because service was made by mail. Fed. R. Civ. P. 6(d). However, removal under § 1446(b)(2)(B) clearly mandates that defendants have "30 days after **receipt by** or **service on** that defendant" to join in or consent to removal. Therefore, as is true in the present action, where there is no question as to when the Defendant received service,[3] this Court declines to extend a Defendant's deadline under Rule 6(d). Fed. R. Civ. P.

Here, Defendant Delva was served with the State Court Complaint on October 10, 2025. ECF No. 4, Ex. 5. Therefore, Delva's deadline to join in or consent to removal of this action was November 10, 2025.[4] Delva filed his Notice of Consent to Removal on November 13, 2025. ECF No. 7. Accordingly, his consent

---

[3] Defendant Delva was served the Complaint on October 10, 2025, via United States Postal Service Certified Mail. ECF No. 4, Ex. 5. Tracking indicates that Delva personally picked up and signed for the Complaint on that date. Id.

[4] Because the date of service is excluded from the Court's calculation, the period begins on October 11, 2025. Here, 30 days from the beginning of the period is November 9, 2025. However, that places the deadline on a Sunday. Therefore, the proper deadline for Delva to join in or consent was Monday, November 10, 2025.

was untimely, removal was therefore procedurally defective, and Plaintiff's Motion to Remand is **GRANTED.**

## V.   CONCLUSION

For the reasons stated herein, Plaintiff Mullins' *Motion to Remand to the Circuit Court of Lewis County, WV* [ECF No. 4], is hereby **GRANTED.**  The action shall be **STRICKEN** from the Court's active docket.  Any remaining pending motions in this action shall be **TERMINATED.**

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record and the Circuit Clerk of Lewis County, West Virginia.

**DATED:** May 4, 2026

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

8